UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CR-60020-WPD

UNITED STATES OF AMERICA

vs.

MARIO KUSTURA,

        Defendant.
_____/

## AGREED FACTUAL BASIS FOR GUILTY PLEA

Beginning in or around approximately November 2018, and continuing through in or around approximately September 2020, in Broward County, in the Southern District of Florida, and elsewhere, the defendant, MARIO KUSTURA ("KUSTURA"), knowingly and willfully conspired and agreed with others to pay and offer kickbacks prohibited by the Eliminating Kickbacks in Recovery Act ("EKRA"), in violation of Title 18, United States Code, Section 371. Private insurance plans, including health insurance plans offered by Aetna Health Management LLC and Aetna Life Insurance for Members, Blue Cross/Blue Shield, Cigna Healthcare, Magellan Health Inc., Medical Mutual, United Behavioral Health and United Health Group, Inc., and Optum Health (collectively, the "Insurance Plans") are "health care benefit programs" as defined in Title 18, United States Code, Section 24 and Title 18, United States Code, Section 220. Furthermore, the Insurance Plans affect interstate commerce.

KUSTURA was a patient broker who offered and paid bribes and kickbacks to beneficiaries of the Insurance Plans in exchange for the beneficiaries using the services of specific substance abuse treatment centers, as well as associated laboratories and providers. KUSTURA

also solicited and received bribes and kickbacks from the substance abuse treatment centers, associated laboratories, and their owners, operators, employees, and agents. The substance abuse treatment centers included Second Chance Detox, LLC, d/b/a Compass Detox ("Compass Detox") and WAR Network, LLC ("WAR"), which were limited liability companies formed under the State of Florida with their principal places of business in Broward County, Florida. Compass Detox offered inpatient substance abuse treatment services, including detoxification and residential treatment. WAR offered outpatient substance abuse treatment services, including partial hospitalization, intensive outpatient, and outpatient services. Compass Detox and WAR were co-owned by Richard Waserstein ("Waserstein") and Jonathan Markovich ("J. Markovich").

At the direction of Christopher Garnto ("Garnto"), the lead patient broker working under Waserstein and J. Markovich, KUSTURA paid and offered kickbacks and bribes to beneficiaries of the Insurance Plans in exchange for the beneficiaries using the services of Compass Detox and WAR. KUSTURA offered money, illegal drugs, flights, and other illegal incentives to prospective patients. KUSTURA received the funding for these kickbacks and bribes from Garnto, who was being paid by Compass Detox. If a patient was located outside Florida, KUSTURA would offer to pay for the patient's flight, which is an illegal kickback, and would provide the patient's information to Daniel Markovich, the CEO of Compass Detox, J. Markovich, or Garnto to book and pay for the flight. KUSTURA conspired with other patient brokers, including Elan Bakhshi and Frank Bosch, Jr., who also worked under Garnto's direction to solicit patients in exchange for kickbacks.

KUSTURA referred beneficiaries of the Insurance Plans to Compass Detox and WAR for substance treatment and related services, such as urinalyses billed by various laboratories (the

2

"Clinical Laboratories") and chiropractic treatments billed by Dr. Jeffrey Draesel, Jr. ("Dr. Draesel"), without regard to the medical necessity of these services. KUSTURA understood that Compass Detox, WAR, the Clinical Laboratories, and Dr. Draesel billed the Insurance Plans for these services. As a result of KUSTURA's participation in the conspiracy as a patient broker, the Insurance Plans paid Compass Detox, WAR, the Clinical Laboratories, and Dr. Draesel approximately $2,904,187 for substance abuse treatment, laboratory testing, and chiropractic services which Compass Detox, WAR, the Clinical Laboratories, and Dr. Draesel were not entitled to receive, based on patients procured through kickbacks.

*[handwritten initials: M.K.]*

The preceding statement is a summary, made for the purpose of providing the Court with a factual basis for my guilty plea to the charges against me. It does not include all of the facts known to me concerning criminal activity in which I and others engaged. I make this statement knowingly and voluntarily and because I am in fact guilty of the crimes charged.

DATE: 7/14/2021

_____
MARIO KUSTURA
Defendant


_____
HUDA AJLANI MACRI, ESQ.
Attorney for Defendant


_____
JAMES V. HAYES
Senior Litigation Counsel
JAMIE DE BOER
Trial Attorney
U.S. Department of Justice
Criminal Division, Fraud Section